UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NADINE M. GREENING

              CASE NO. 02-74411
 Plaintiff,         HON. LAWRENCE P. ZATKOFF

v.

KEMPER NATIONAL SERVICES, INC.,
a foreign corporation,

 Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Detroit, State of Michigan, on July 6, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Plaintiff Nadine Greening's Motion for Summary Judgment and on Defendant Kemper National Service's (hereinafter, "KNS") Cross-Motion for Entry of Judgment.  Both Plaintiff and Defendant have responded to the respective motions.  Defendant has also filed a reply brief.  Pursuant to E.D. MICH. LR 7.1(e)(2), there will be no oral hearing on this motion.  For the reasons set forth below, Plaintiff's Motion for Summary Judgment is DENIED and Defendant's Motion for Entry of Judgment is GRANTED.

## II. BACKGROUND

Plaintiff Nadine Greening's Complaint under the Employee Retirement Income Security Act (hereinafter, "ERISA") was removed to federal court on November 8, 2002. By her Complaint, Plaintiff alleges that Defendant KNS breached Plaintiff's long-term disability (hereinafter, "LTD") policy by denying her LTD benefits from April 1, 2001 to December 31, 2001. *See* Complaint, ¶ 13. As damages, Plaintiff seeks $28,039.68 plus interest, court costs, and attorney fees. *Id.* at ¶ 15. KNS denies that it breached the LTD policy and asserts that it properly reviewed Plaintiff's claim for LTD benefits and properly determined that she did not submit sufficient objective evidence to support her claim.

Plaintiff is a 42-year old woman who has worked for a number of years as an OB/Gyn surgical nurse. Such a job requires the worker to move freely and be able to sit or stand for long periods of time.

During 2000, Plaintiff became pregnant. In October, 2000, Plaintiff was placed on short-term medical leave due to severe varicose veins and phlebitis.[1] Plaintiff asserted that the varicosities and phlebitis resulted in severe tenderness and pain with standing or walking. In December, 2000, while still pregnant, Plaintiff experienced a flare-up of ulcerative colitis, a condition she had possessed since she was a teenager.[2]

Plaintiff's baby was delivered by Caesarean section in late January, 2001. Following the

---

[1] Varicose veins are gnarled, enlarged veins. Phlebitis refers to the inflammation of a vein.

[2] Ulcerative colitis is a disease which causes inflammation and sores to form in the large intestine. This can result in diarrhea and bleeding.

pregnancy, Plaintiff continued to be treated for ulcerative colitis as well as thrombophlebitis.[3]

After months of continuing treatment and after seeking numerous medical opinions, Plaintiff planned to undergo surgery to treat her ulcerative colitis. It was hoped that this surgery would also help to resolve Plaintiff's thrombophlebitis. Plaintiff underwent surgery on August 7, 2001, and as hoped for, the surgery resolved both Plaintiff's ulcerative colitis and thrombophlebitis. After post-surgical convalescence, Plaintiff returned to work in December, 2001.

Plaintiff's short-term disability benefits expired March 31, 2001, months prior to her surgery or return to work. Due to her continuing ulcerative colitis and thrombophlebitis, Plaintiff filed for long-term disability ("LTD") benefits to cover this period. Based on Dr. David Schneider's review of Plaintiff's medical records and his finding that the records did not support the finding of a disability, Defendant KNS denied Plaintiff's LTD claim on June 12, 2001. Plaintiff administratively appealed KNS' decision, and KNS again denied Plaintiff LTD benefits. This time, KNS' denial of LTD benefits was pursuant to Dr. Russell Superfine's review of Plaintiff's medical records and his conclusion that the records failed to support the finding of a disability under the LTD plan.

After conducting a further review of Plaintiff's case, on April 21, 2004, KNS partially reversed its previous finding and granted Plaintiff LTD benefits from April 1, 2001 to May 18, 2001. Nevertheless, KNS stood by its conclusion that Plaintiff was not entitled to LTD benefits past this date.

---

[3] Thrombophlebitis occurs when a blood clot causes inflammation in one or more veins, typically in the legs.

### III. LEGAL STANDARD

Under *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989), "a denial of benefits challenged under § 1132(a)(1)(B) [of ERISA] is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."

Defendant KNS is the administrator over Plaintiff's LTD Plan. The Plan specifically gives KNS "full discretion and authority" over the Plan. Accordingly, both parties agree that this Court should review KNS' denial of benefits under the deferential "arbitrary and capricious" standard.

"An ERISA benefit plan administrator's decisions on eligibility for benefits are not arbitrary and capricious if they are rational in light of the plan's provisions." *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 381 (6th Cir. 1996) (citations omitted). Alternatively stated, "[w]hen it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Davis v. Kentucky Finance Cos. Ret. Plan*, 887 F.2d 689, 693 (6th Cir. 1989).

### IV. ANALYSIS

In order to prevail, Plaintiff has the high burden of proving that KNS' denial of her LTD benefits was arbitrary and capricious. In an attempt to meet this burden, Plaintiff relies on the medical opinions of her treating physicians and argues that KNS wrongfully concluded that there was no objective evidence of Plaintiff's inability to work. *See* Plaintiff's Brief, at 12. Plaintiff further argues that this Court should give greater weight to the opinions of Plaintiff's treating physicians than to the consulting physicians KNS based its decision on because the treating physicians had the opportunity to examine Plaintiff. *See Id.* at 10. The Court rejects Plaintiff's

positions.

Defendant KNS most certainly had a rational reason for determining that there was no objective evidence to support Plaintiff's LTD claim.  Throughout the entire review process, KNS relied on the opinions of five of its consulting physicians.  After reviewing Plaintiff's medical records, four of these physicians found that there was no objective evidence that Plaintiff was disabled past April 1, 2001.  The fifth consulting physician, Dr. Rubin, concluded that there was no objective evidence that Plaintiff was disabled past May 18, 2001.  In response to Dr. Rubin's opinion, KNS partially reversed its prior decision and granted Plaintiff LTD benefits until May 18, 2001.  KNS' reliance on its consulting physicians' medical opinions was not irrational.

In *Black and Decker Disability Plan v. Nord*, 538 U.S. 822, 825 (2003), the Supreme Court held that "plan administrators are not obliged to accord special deference to the opinions of treating physicians."  Similarly, the Sixth Circuit explained:

> Generally, when a plan administrator chooses to rely upon the medical opinion of one doctor over that of another in determining whether a claimant is entitled to ERISA benefits, the plan administrator's decision cannot be said to have been arbitrary and capricious because it would be possible to offer a reasoned explanation, based upon the evidence, for the plan administrator's decision.

*McDonald v. Western-Southern Life Ins. Co.*, 347 F.3d 161, 169 (6th Cir. 2003).

In accord with these cases, the Court concludes that KNS' reliance on the opinions of its consulting physicians was a rational reason for denying Plaintiff's LTD claim.  It is not for the Court to conclude which of the differing medical opinions regarding Plaintiff's ability to work is correct.  For these reasons, the Court finds that KNS' denial of Plaintiff's LTD benefits was not arbitrary and capricious.

## V. CONCLUSION

For the above reasons, the Court HEREBY DENIES Plaintiff Nadine Greening's Motion for Summary Judgment. The Court HEREBY GRANTS Defendant KNS' Motion for Entry of Judgment.

IT IS SO ORDERED.

                                            s/Lawrence P. Zatkoff
                                            LAWRENCE P. ZATKOFF
                                            UNITED STATES DISTRICT JUDGE

Dated: July 6, 2005

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 6, 2005.

                                            s/Marie E. Verlinde
                                            Case Manager
                                            (810) 984-3290

S:\Zatkoff\Marie ECF\02-74411.greening.wpd